**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bonnie Befort, | No. CV-18-02564-PHX-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Farm Bureau Property & Casualty Insurance Company, et al., | |
| Defendants. | |

Plaintiff Bonnie Befort ("Plaintiff") initiated this action by filing a Complaint in Maricopa County Superior Court on June 25, 2018. (Doc. 1-3 at 2.)[1] On August 13, 2018, Defendant Farm Bureau Property & Casualty Insurance Company ("Defendant") removed the action to federal court. (Doc. 1.) Pending before the Court is Plaintiff's Motion to Remand. (Doc. 14.) The Motion is fully briefed. (*See* Docs. 16, 20.)

**I.  Background**

According to her Complaint, Plaintiff is the named insured under a homeowners' insurance policy issued by Defendant covering a residential property in Mayer, Arizona. (Doc. 1-3 at 2-3.) Plaintiff alleges that she timely reported a claim for fire and/or smoke damage, and that Defendant processed the claim as a loss covered under the homeowners' insurance policy. (*Id.* at 3-5.) Plaintiff alleges that Defendant unreasonably handled the claim. (*See id.* at 4-8.) Plaintiff raises a breach of contract claim and a claim for breach of the covenant of good faith and fair dealing. (*Id.* at 8-9.)

---
[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

Her Complaint also seeks to compel an appraisal pursuant to A.R.S. § 12-1502. (*Id.* at 9-10.) Plaintiff seeks compensatory damages, including damages for mental and emotional distress, as well as punitive damages, attorneys' fees, and costs. (*Id.* at 11.) Plaintiff's Complaint does not demand a sum certain.

On the same date that Plaintiff filed her Complaint, she also filed a Certificate Regarding Compulsory Arbitration (Doc. 1-4) and a Notice of Offer of Judgment (Doc. 1-7). The Certificate Regarding Compulsory Arbitration certifies that the case is not subject to compulsory arbitration as provided by the Arizona Rules of Civil Procedure. (Doc. 1-4 at 2.) The Offer of Judgment states that Plaintiff will accept judgment in her favor in the sum of $74,000, "inclusive of all damages, all taxable court costs, all interest, and all attorneys' fees." (Doc. 1-8 at 2-3.)

Plaintiff served the Summons and Complaint, along with the Certificate Regarding Compulsory Arbitration and the Offer of Judgment, on Defendant's statutory agent, the Arizona Department of Insurance ("ADI"), on July 10, 2018. (Doc. 1-10 at 2; *see also* Doc. 1-9 at 2.) Defendant received the documents on July 13, 2018. (Doc. 1 at 2.) On August 13, 2018, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Plaintiff is a citizen of Arizona. (Doc. 1 at 2; Doc. 1-3 at 1.) Defendant Farm Bureau is an Iowa corporation with its principal place of business in West Des Moines, Iowa. (Doc. 1 at 2.)

**II.     Legal Standard**

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based." 28 U.S.C. § 1446(b). Although the time limit for removal is not jurisdictional, it is mandatory and a timely objection to a late notice of removal will defeat removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam); *see also Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989).

Where a complaint does not specify the amount of damages sought, the defendant bears "the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000" in order to support removal based on diversity jurisdiction. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) (per curiam); *see also* 28 U.S.C. § 1446(c)(2); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A defendant must offer more than "conclusory allegations" in order to meet this burden of proof. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The amount in controversy for purposes of diversity jurisdiction "is determined from the pleadings as they exist at the time a petition for removal is filed." *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 545 (9th Cir. 1985).

There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III. Discussion**

In her Motion to Remand, Plaintiff argues that Defendant's Notice of Removal is untimely because it was filed more than 30 days after Defendant was served with the Summons and Complaint. (Doc. 14 at 3-5.) Plaintiff also argues that this Court lacks diversity jurisdiction because the amount in controversy is less than $75,000. (*Id.* at 5-9.)

**A.  Timeliness of Removal**

Under Arizona law, the exclusive method for Plaintiff to serve Defendant was through the ADI. *See* A.R.S. § 20-221(B); *see also Phoenix of Hartford, Inc. v. Harmony*

*Rests., Inc.*, 560 P.2d 441, 442-43 (Ariz. App. 1977). The parties dispute whether the 30-day time limit for removal began to run when Plaintiff served a copy of the Summons and Complaint on the ADI, or three days later when Defendant received the Complaint from the ADI. (Doc. 14 at 4; Doc. 16 at 1.)

Plaintiff relies upon *Murphy Brothers, Inc. v. Michetti Pipe Stringing Inc.*, in which the United States Supreme Court stated that, "if the summons and complaint are served together, the 30-day period for removal runs at once." 526 U.S. 344, 354 (1999). However, in *Murphy*, the defendant received a copy of the complaint prior to formal service of process. *Id.* at 348. Accordingly, the Court did not analyze the issue presented here—whether the 30-day period begins to run when formal service of process has been completed by operation of state law but the defendant has not yet received actual notice of the lawsuit. In enacting the current version of § 1446(b), Congress intended "[t]o ensure that the defendant would have access to the complaint before commencement of the removal period." *Murphy Bros.*, 526 U.S. at 351-52. Accordingly, the removal statute specifies that the 30-day period begins to run "after the receipt by the defendant . . . of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b). Although it does not appear that the Ninth Circuit has addressed the precise issue presented here, district courts within the Ninth Circuit have held that, when service of process upon a statutory agent occurs before a defendant's actual receipt of the plaintiff's complaint, the removal clock begins to run upon actual receipt of the complaint by the defendant rather than the earlier service upon a statutory agent. *See generally Pilot Trading Co. v. Hartford Ins. Grp.*, 946 F. Supp. 834 (D. Nev. 1996); *see also Torres v. Transguard Ins. Co. of Am., Inc.*, No. CV-13-01578-PHX-ROS, 2013 U.S. Dist. LEXIS 197310, at *2 (D. Ariz. Oct. 8, 2013). Accordingly, the Court finds that Defendant's Notice of Removal was timely filed.

**B.  Amount in Controversy**

To show that the amount in controversy requirement has been satisfied, Defendants rely upon Plaintiff's Certificate Regarding Compulsory Arbitration and the type of damages sought. (*See* Doc. 16 at 7-10.) Both parties also rely upon Plaintiff's

Offer of Judgment, with Plaintiff arguing that it demonstrates that less than $75,000 is in dispute, and Defendant arguing that it demonstrates the opposite. (Doc. 14 at 5-9; Doc. 16 at 10-13.)

Defendant is correct that the amount in controversy includes all damages sought by Plaintiff, including contractual, extra-contractual, emotional distress, and punitive damages, as well as attorneys' fees. *See Kroske v. US Bank. Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages included in amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages included in amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (reasonable attorneys' fees included in amount in controversy if authorized by governing law); *see also* A.R.S. § 12-341.01 (reasonable attorneys' fees recoverable in contested action arising out of contract); *Filaskv v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987) (punitive damages may be awarded in insurance bad faith case). Defendant cites to bad-faith cases with large compensatory and punitive damages awards. (Doc. 16 at 9.) However, Defendant has not shown that the cited cases are similar to the present matter and, therefore, the Court cannot determine whether the damages awarded in those cases provide evidence of the value of the present case. Nor has Defendant presented any evidence to show the value of Plaintiff's request for attorneys' fees. Furthermore, this case centers on alleged property damage caused by a June 2017 fire in the Prescott National Forest, and Defendant argues that there is no evidence that Plaintiff's property experienced any damage as a result of that fire. (*Id.* at 7-8.) Defendant has offered nothing more than speculation and conjecture to support its argument that the nature of Plaintiff's claims shows that the amount in controversy requirement has been met. The Court "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (9th Cir. 2007), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

The record contains two documents that provide evidence of the amount in

controversy. The first is Plaintiff's Certificate Regarding Compulsory Arbitration, in which Plaintiff certified that this case is not subject to compulsory arbitration. The jurisdictional limit for compulsory arbitration in Maricopa County is $50,000. *See* Ariz. Super. Ct., Maricopa Cnty. Local Prac. R. 3.10(a). Accordingly, Plaintiff has certified that more than $50,000 is in dispute in this case. However, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000 rather than merely $50,000.

The second document providing evidence of the amount in controversy is Plaintiff's Offer of Judgment, in which Plaintiff offered to accept judgment in her favor for $74,000, inclusive of all damages, fees, and costs. (Doc. 1-8 at 2-3.) A settlement offer "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840. The Offer of Judgment shows that Plaintiff was willing, at the time of removal, to settle this entire case for $74,000. Defendant's failure to accept the Offer of Judgment indicates that Defendant values the case as being worth less than $74,000. Accordingly, the Offer of Judgment indicates that the amount in controversy requirement has not been satisfied. *See Brown v. Bankers Life & Cas. Co.*, No. CV-09-1549-PHX-GMS, 2009 WL 2914215, at *4 (D. Ariz. Sept. 8, 2009) (considering defendant's rejection of a $70,000 offer of judgment in holding amount in controversy requirement not satisfied); *Ritthaler v. IDS Prop. Cas. Ins. Co.*, No. CV-07-1233-PHX-DGC, 2007 WL 2081479, at *1 (D. Ariz. July 20, 2007) (considering defendant's rejection of $68,000 offer of judgment in holding amount in controversy requirement not satisfied).[2]

Defendant argues that the Offer of Judgment shows that Plaintiff estimates the full

---

[2] *Wood v. State Farm Mutual Automobile Insurance Company*, relied upon by Defendant (Doc. 16 at 11), is distinguishable. In that case, the court found that the amount in controversy requirement was satisfied where the plaintiff's complaint specified that the plaintiff sought the full amount of her underinsured motorist benefits as damages, and those benefits totaled $100,000. No. CV-15-00525-PHX-PGR, 2015 WL 3953909, at *2 (D. Ariz. June 29, 2015). An improperly filed, post-removal $75,000 offer of judgment did not change the Court's analysis. *Id.* at *2-3. In contrast, here, Plaintiff filed her Offer of Judgment prior to Defendant's removal, and her Complaint does not contain any clear indications as to the amount in controversy.

1  value of her case to be $74,000 plus the litigation risks and expenses that she would avoid
2  through early settlement. (Doc. 16 at 2.) There are two problems with this argument.
3  First, the amount in controversy must exceed $75,000 exclusive of costs, and thus it does
4  not matter that Plaintiff would avoid litigation costs through early settlement. 28 U.S.C.
5  § 1332(a). Second, although attorneys' fees may be included in the amount in
6  controversy, there is a dispute in this circuit as to whether attorneys' fees incurred after
7  the date of removal may be included. *Burk v. Medical Savings Ins. Co.*, 348 F. Supp. 2d
8  1063, 1068-69 (D. Ariz. 2004) (collecting cases). Because the amount in controversy is
9  to be determined as of the date of removal, *Eagle*, 769 F.2d at 545, the Court finds that
10 the amount should be determined "exclusive of any potential future attorneys' fees which
11 are entirely speculative, may be avoided, and therefore [are] not 'in controversy' at the
12 time of removal." *Palomino v. Safeway Ins. Co.*, No. CV-11-01305-PHX-NVW, 2011
13 WL 3439130, at *2 (D. Ariz. Aug. 5, 2011).

14 The Court notes that it is not clear whether Plaintiff's Offer of Judgment actually
15 reflects a reasonable estimate of Plaintiff's claims. It appears that Plaintiff may have
16 selected the amount listed in the Offer of Judgment on the basis that it is approximately
17 the highest amount that Plaintiff could request without exceeding the amount in
18 controversy required for diversity jurisdiction. Even so, that does not provide any
19 evidence that the amount in controversy actually exceeds $75,000. If the Court were to
20 disregard the Offer of Judgment entirely on the basis that it does not reflect a reasonable
21 estimate of Plaintiff's claims, then the record would be devoid of anything beyond
22 Defendant's speculation and conjecture to show that the amount in controversy
23 requirement has been met.

24 Defendant has failed to meet its burden of proving by a preponderance of the
25 evidence that the amount in controversy in this case exceeds $75,000. Accordingly, the
26 Court will grant Plaintiff's Motion to Remand.

27 **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 14) is **granted**. The
28 above-captioned matter is remanded to the Maricopa County Superior Court. All

pending deadlines and hearings in this case are vacated. The Clerk of Court is directed to close this case and to mail a certified copy of this order to the Clerk of the Maricopa County Superior Court.

Dated this 2nd day of November, 2018.

_____
Honorable Rosemary Márquez
United States District Judge